SO ORDERED: April 02, 2008.

_____
Anthony J. Metz III
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| MAMIE JEAN WILLIAMS ) | CASE NO. 08-1089-AJM-13 |
| ) | |
| Debtor ) | |

**ORDER ON EMERGENCY MOTION FOR DETERMINATION THAT
REAL PROPERTY DOES NOT CONSTITUTE PROPERTY OF THE ESTATE
and ORDER LIFTING STAY FOR LIMITED PURPOSE
OF PURSUING AND DEFENDING STATE COURT APPEAL**

The Debtor filed her chapter 13 petition on February 7, 2008 (the "Petition Date"). On Schedule A the Debtor listed that she owned 170 acres of real property located at 20950 East, 200 North, Hartsville, Indiana (the "Property") which she was purchasing from Greg Hilycord ("Hilycord") on land contract. The Debtor estimated that there was a $47,000 pre petition arrearage on the land contract and proposed to pay the arrears through her chapter 13 plan.

Hilycord contends that the Property is not property of this bankruptcy estate and

asks the Court to so find ("Hilycord's Bankruptcy Motion") . He bases his motion on a pre petition order entered by the Bartholomew Superior Court (the "State Court") on January 23, 2007 which cancelled the land contract, determined the land contract to be null and void, and found that the Debtor no longer had an interest in the Property (the "2007 Order").  The 2007 Order was entered by default.  The Debtor moved for reconsideration of the 2007 Order which was denied.  The Debtor appealed, and that appeal is pending.  To supplement and enforce the 2007 Order, Hilycord later filed a complaint for ejectment wherein the State Court on January 10, 2008 awarded him possession of the Property (the "Possession Order") and scheduled a damages hearing for April 2, 2008.  The damages hearing was not held as the Debtor filed her chapter 13 before that date.  The Debtor did not move for a stay pending appeal and did not post an appeal bond to stay the execution of either the 2007 Order or the Possession Order prior to the Petition Date.

Hilycord's Bankruptcy Motion was heard on March 25, 2008. [1]   At the hearing, Hilycord's counsel argued that the Debtor was prohibited by the *Rooker Feldman* doctrine from asserting an interest in the Property.  The *Rooker Feldman* doctrine prohibits collateral attacks on state court judgments and derives its name from two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 363 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).  This doctrine is jurisdictional, and divests lower federal courts of subject matter jurisdiction over claims that seek the review of state

---

[1] At the conclusion of the hearing, Hilycord requested permission to file a brief within seven days and filed the same on April 2, 2008.

court civil judgments, "no matter how erroneous or unconstitutional the state court judgment may be". *Remer v. Burlington Area School Dist.*, 205 F.3d 990, 996 (7th Cir. 2000); *Hodges v. CIT Group, et al, (In re Hodges)*, 350 F.3d 796, 799 (Bankr. N. D. Ill, 2006). The Supreme Court recently narrowed the application of the doctrine and has confined it to cases "brought by state court losers complaining of injuries caused by state court judgments rendered before the [federal] district court proceedings and inviting district court review and rejection of those judgments". *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284; 125 S.Ct. 1517, 1521-22 (2005). For the doctrine to apply, the state court judgment must be final and the state court proceedings *must have ended* before the claim is brought in federal court. *Exxon*, 544 U.S. at 291-292; 125 S.Ct. at 1526; Hodges, 350 B.R. at 800; *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 591 (7th Cir. 2005). Here, the 2007 Order has been appealed and that appeal pends. The state court proceedings have not "ended" and thus, *Rooker-Feldman* does not divest this court of subject matter jurisdiction over the Debtors' claim that the Property is property of the estate.

     The Debtor urges this Court to find that the Property is property of the estate and therefore give the 2007 Order no *res judicata* effect since it was entered by default. The Debtor has submitted case authority in which state court default judgments were not given preclusive effect in bankruptcy proceedings. Despite the fact that this Court retains subject matter jurisdiction, the Court declines the opportunity to second-guess the 2007 Order and the Possession Order. The mere filing of the chapter 13 case here did not nullify these prior orders and this Court is bound to give full faith and credit to

3

them under 28 U.S.C. §1738.  The 2007 Order divests the Debtor of all of her interests in the Property and the Possession Order awards possession of the Property to Hilycord.  As of the Petition Date, the Debtor had no legal, equitable or possessory interest in the Property.  Having no such interests as of the Petition Date, nothing with respect to the Property was stayed by imposition of the automatic stay under §362.  Whether the 2007 Order and the Possession Order are allowed to stand is an issue for the appellate court and that appeal should be allowed to run its full course.   Unless and until the Debtor is determined by the state and appellate courts to have had an interest in the Property as of the Petition Date, this Court will not revisit or contradict the 2007 Order or the Possession Order.  To the extent the automatic stay under §362 stays any party from pursuing or defending the current appeal, it is LIFTED for such limited purpose. [2]

### # # #

Distribution:

Keith Gifford, Attorney for the Debtor
Dave Krebs, Attorney for Greg Hilycord
Case Trustee
United States Trustee

---

[2] With the automatic stay having been lifted to pursue the appeal, it appears that Hilycord is not otherwise stayed from enforcing the 2007Order and the Possession Order since the Debtor failed to move for a stay pending appeal and post the requisite bond with the trial court and the appellate court under Rule 62 of the Indiana Rules of Trial Procedure and Rules 18 and 39 of the Indiana Rules of Appellate Procedure.